## Case No. 11,782.

### RICHARDSON v. GOLDEN.

[3 Wash. C. C. 109.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1811.

DEPOSITION — GENERAL INTERROGATORY — PARTICULAR FACTS IN ANSWERS.

If the general interrogatory is not answered, by a witness examined under a commission, it is fatal to the deposition. A witness cannot be asked, if the facts stated in an ex parte certificate are true: he should be interrogated as to those facts particularly.

[Cited in Williams v. Vreeland, 30 N. J. Eq. 578.]

Mr. Wallace, for plaintiff, objected to certain depositions taken under a commission returned from North-Carolina — 1. Because there is no answer given to, or notice taken of, the general interrogatory, viz. "Do you know any thing further, material?" &c. 2. Because an ex parte certificate of facts, having been given by some of the witnesses, they were asked if the certificate contained the truth, instead of being interrogated as to the facts stated in it.

BY THE COURT. Both objections are good. The first has been often decided here. The second is supported on this ground, that the mode pursued in this case, is calculated to produce perjury. It is worse than asking

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

leading questions, or telling the witness what to say; because, he is here reminded of the necessity of swearing to what he has before stated, or of suffering in his credit. The answers to these questions cannot be read.

The parties, by consent, withdrew a juror.