SARAH A. WILLIAMS and others

*v.*

CORNELIUS VREELAND'S EXECUTORS and others.

1. The competency of a witness in a suit in equity, depends entirely upon his qualifications at the time he is examined, and not on the condition of the suit as to parties at the time the hearing takes place.

2. The sixth section of the act concerning evidence only renders a complainant, otherwise incompetent, competent to a limited extent, and does not allow him to testify generally. His evidence must be limited to the disproof of so much of the defendant's answer as is responsive to the allegations of the complainant's bill.

3. As a general rule, evidence which is merely incompetent or irrelevant will not be suppressed prior to final hearing, but evidence which is scandalous, or has been taken irregularly or imperfectly, or in violation of the privileges of either of the parties, may be.

On motion to suppress depositions.

*Mr. B. A. Vail,* for motion.

*Mr. W. H. Vredenburgh, contra.*

THE VICE-CHANCELLOR.

This is a motion to suppress the evidence of two of the complainants. The suit was originally brought by Sarah A. Williams and Margaretta Taylor, and two others, against Cornelius Vreeland and Jane Folk, and six others. Vreeland and Folk both died after they were in court, but before the time for answering had expired. They each left a will, and their executors, after obtaining letters testamentary, were made defendants, and have answered. The complainants, Sarah A. Williams and Margaretta Taylor, were subsequently examined as witnesses on their own call, and against the defendants' objection. The defendants now move to suppress their testimony, on the ground that it is incompetent.

Incompetent evidence is either such as proceeds from the mouth of a person not qualified to speak as a witness, or such as is not the fit and appropriate means, according to legal rules, of proving or disproving the fact in dispute.

The competency of a witness, in a suit in equity, depends entirely upon his qualifications at the time he is examined. If the condition of the suit, as to parties, at the time he is examined, is such as to render him competent, his testimony may be read at the hearing, though in the interval between his examination and the hearing, the suit may have been so changed in parties that he could not be called as a witness at the time the hearing occurs. *Marlatt* v. *Warwick,* 3 *C. E. Gr.* 108, *S. C. on appeal,* 4 *C. E. Gr.* 439; *Walker* v. *Hill's ex'rs,* 7 *C. E. Gr.* 513. At the time the complainants were examined they were prosecuting the suit against three defendants, who were defending in representative capacities. The complainants were, therefore, disabled, by the letter as well as by the spirit of the statute, from calling themselves to testify generally as witnesses in the case (*Rev.* p. 378, § 3).

The defendants had not removed the disability of the complainants by calling themselves to testify. Under the sixth section of the act concerning evidence (*Rev.* p. 379), the complainants are competent witnesses to a limited extent—"to disprove so much of the defendant's answer as is responsive to the allegations of the complainant's bill," but their evidence can go no further. They are competent only to a qualified extent, and not generally. *Lanning* v. *Lanning*, 2 *C. E. Gr.* 228; *Marlatt* v. *Warwick*, 4 *C. E. Gr.* 439. It is neither necessary nor proper, at this point in the litigation, to decide whether the complainants have, by their evidence, exceeded the statutory limit. That question will present itself regularly at the final hearing, and can then be much more properly and conveniently considered than at present.

The question whether the testimony of a particular witness shall be suppressed prior to final hearing is one of discretion entirely (*Underhill* v. *Van Cortlandt*, 2 *Johns. Ch.* 339; *Brown* v. *Bulkley*, 1 *McCart.* 294; 1 *Dan. Ch. Pr.* 951, *note* 1); but, as a general rule, where the application to suppress, rests alone on the ground of incompetency or irrelevancy, the court will deny it and let the matter stand for adjudication on final hearing (*Brown* v. *Bulkley*, *supra*; *Wood* v. *Chetwood*, 12 *C. E. Gr.* 311; 1 *Hoffm. Ch. Pr.* 495; *Williamson* v. *More*, 1 *Barb.* 229). A different course of practice prevails where the deposition contains scandalous matter (1 *Dan. Ch. Pr.* 951); or the deposition has been taken before an unauthorized person (*Barnet* v. *Day*, 3 *Wash. C. C.* 244); or before a person who was authorized but should not have been—for example, the solicitor of one of the parties (*Gres. Eq. Ev.* 220); or where it has been taken without notice (*Honore* v. *Colmesnil*, 1 *J. J. Marsh.* 520); or discloses confidential communications which are privileged (*Sandford* v. *Remington*, 2 *Ves.* 189); or where a witness fails or refuses to answer a question (*Richardson* v. *Golden*, 3 *Wash. C. C.* 109); or where testimony is elicited by a leading question, or is read from a paper prepared by the

solicitor of the party on whose behalf the witness is called (*Gres. Eq. Ev.* 57, 220). In these cases, suppression will be ordered.

The present application is premature, and, on that ground, must be denied.